IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE CORNEJO-LOPEZ,<br><br>    Defendant. | 8:15CR46<br><br>SENTENCING MEMORANDUM |

This Sentencing Memorandum supplements findings made on the record at defendant's sentencing hearing on November 5, 2015. For the reasons set forth below, the court finds the defendant's objection to the presentence investigation report (Filing No. 28) should be sustained.

I.  Background

Defendant was charged in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Filing No. 1, Indictment.  Pursuant to a plea agreement, the defendant entered a plea of guilty to the drug charge. Filing No. 26, Plea Agreement. That offense carries a mandatory minimum sentence of five years and a maximum of forty years. See 21 U.S.C. § 841 (b)(1). The parties agreed that the defendant should be held responsible for at least 50 grams but not more than 150 grams of methamphetamine actual. Filing No. 26, Plea Agreement at 3. The parties also agreed that the defendant possessed a firearm or other dangerous weapon in

connection with the offense of conviction and that such conduct qualifies him for a two-level upward adjustment under USSG § 2D1.1(b)(1). *Id.*

The court accepted the defendant's plea and directed the United States Office of Probation (hereinafter, "the Probation Office") to prepare a Presentence Investigation Report (hereinafter, "PSR") that calculated the defendant's sentence under the United States Sentencing Guidelines ("the Guidelines"). Filing No. 23, text minute entry. In the PSR, the Probation Office identified U.S.S.G. § 2D1.1 as the applicable Guidelines base offense level provision and determined that the defendant's base offense level was 30, based on a quantity determination of approximately 118.6 grams of methamphetamine (actual) under § 2D1.1(a)(5)(c)(5). Filing No. 37, PSR (sealed) at 5, 8. It determined that a two level enhancement for possession of a firearm under U.S.S.G. 2D1.1(b)(1) was warranted. *Id.* at 8. It further determined that the defendant qualified as a career offender under U.S.S.G. 4B1.1(b)(2) because (1) he was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense, making his base offense level 34. *Id.* The predicate felonies were his convictions for drug distribution and for attempted burglary. *Id.* at 14. The Probation Office then subtracted three levels for the defendant's acceptance of responsibility under U.S.S.G. § 3E1.1 (a) & (b), resulting in a total offense level of 31. *Id.* at 8-9.

The probation office first determined the defendant's criminal history category was V, based on the assessment of 12 criminal history points for convictions for being a felon in possession of a firearm, drug distribution, possession of marijuana less than an

ounce, attempted burglary, witness tampering and committing the offense while under a criminal justice sentence. *Id.* at 9-13. However, because the defendant qualified as a career offender, his criminal history category became VI under U.S.S.G. § 4B1.1(b). *Id.* at 15. At criminal history category VI and offense level 31, the defendant's sentencing range under the Guidelines, as calculated by the Probation Office, is 188 to 235 months. *Id.* at 21.

The defendant is thirty-two years old. *Id.* at 17. He is divorced and has four minor children. *Id.* at 18. He is currently in a relationship with a woman who has prior convictions for misdemeanor drug possession. *Id.* He dropped out of high school in tenth grade a, but obtained his GED while in custody. *Id.* at 19. He has been variously employed as a sanitation worker, flooring installer, garage attendant, meat-packer, and mover. *Id.* at 20-21.

He has a history of marijuana and cocaine use. *Id.* He completed a substance abuse evaluation in 2007 and received diagnoses of alcohol and cannabis dependence with a recommendation for intensive outpatient treatment. *Id.* He acknowledges that he is in need of substance abuse treatment. *Id.*

The defendant objected to the application of the career offender guideline. Filing No. 28, Objections to the Presentence Report. He argues that a conviction for attempted burglary does not qualify as predicate offense as a crime of violence under U.S.S.G. § 4B1.1 in light of the Supreme Court's decision in *Johnson v. United States*, —- U.S. ——, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), void for vagueness. *Id.* at 1-2. In response, the government argues that under Eighth Circuit precedent, attempted

burglary qualifies as a crime of violence. Filing No. 34, Government's Response at 2-3. Although it concedes that *Johnson* is applicable to the corollary Guidelines residual clause, it argues that the residual clause is not applicable and that attempted burglary qualifies as a crime of violence as an enumerated offense, regardless of the residuary clause. *Id.* at 4-5.

II. Law

Although a sentencing court must give respectful consideration to the Sentencing Guidelines, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), permits the court to tailor the sentence in light of other statutory concerns as well. *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). The district court follows the sentencing framework set forth by the Supreme Court in *Gall v. United States*, 552 U.S. 38, 49-51 (2007). *See United States v. Washington*, 515 F.3d 861, 865-66 (8th Cir. 2008) ("We urge district courts to continue to engage in the three-step process of first ascertaining the applicable Guidelines range, then considering any permissible departures within the Guidelines' structure, and finally, deciding whether a non-Guidelines sentence would be more appropriate under the circumstances pursuant to § 3553(a)."). The first step is to calculate the defendant's advisory Guidelines sentencing range, which provides "the starting point and the initial benchmark" for any sentence. *Gall*, 552 U.S. at 49. Next, the court determines whether any traditional Guidelines departures are warranted. *Washington*, 515 F.3d at 865. Finally, the court considers whether to vary from the advisory Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50; *United States v. VandeBrake*, 679 F.3d 1030, 1039 n. 7 (8th Cir. 2012).

The court is not to presume that the Guidelines range is reasonable, but is required to make an individualized assessment based on the facts of each case under 18 U.S.C. § 3553(a).  *Gall*, 552 U.S. at 50.  If the court determines that a variance from the Guidelines range is appropriate, it must consider the extent of the deviation and ensure that there is a correspondingly compelling justification.  *Id.*  Ultimately, the court must impose a sentence "in line with § 3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in § 3553(a)(2)."  *Kimbrough v. United States*, 552 U.S. 85, 89 (2007).

The Guidelines define "crime of violence" as an offense punishable by imprisonment for a term exceeding one year that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"[1] *Id.* § 4B1.2(a)(2) (emphasis added). "The residual clause of the sentencing guideline uses identical language to the [residual clause of the ACCA], including as a 'crime of violence' any felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *United States v. Taylor*, No. 14-2635, 2015 WL 5918562, *1 (8th Cir. Oct. 9, 2015) (quoting U.S.S.G. § 4B1.2(a)(2)).  Courts have "consistently applied the same analysis to both clauses."  *United States v. Madrid*, No. 14-2159, 2015 WL 6647060, at *3 (10th Cir. Nov. 2, 2015); *see United States v. Boose,* 739 F.3d 1185, 1187 n.1 (8th Cir. 2014)(stating "Based on their nearly identical definitions, we construe "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act) and "crime of

---

[1] In contrast, the enumerated crimes clause of the ACCA does not limit burglary to burglaries of a dwelling, but is identical in other respects.  See 18 U.S.C. § 924(e)(2)(B)(ii).

violence" under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses); *but see United States v. Craig*, 630 F.3d 717, 723-24 (8th Cir. 2011) (stating the definitions of "crime of violence" in U.S.S.G. § 4B1.2 and "violent felony" in 18 U.S.C. § 924(e)(2)(B) are treated as interchangeable, but noting that the practice of interchanging the two provisions cannot be followed universally because the Guidelines include binding commentary not applicable to 924(e)).

The United States Supreme Court recently found "that the indeterminacy of the wide-ranging inquiry required by the residual clause [in the ACCA] both denies fair notice to defendants and invites arbitrary enforcement by judges" and consequently concluded that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. Since then, some Courts of Appeal have extended the holding in *Johnson* to the Guidelines' career offender provision, finding that the residual clause of the Guidelines provision is similarly unconstitutionally vague. *See United States v. Madrid*, No. 14-2159, 2015 WL 6647060, at *4 (10th Cir. Nov. 2, 2015) (noting that "it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA" and finding "[i]f one iteration of the clause is unconstitutionally vague, so too is the other"); *United States v. Franklin*, No. 14-5093, 2015 WL 4590812, *11 (6th Cir. July 31, 2015) (unpublished) (vacating and remanding an enhancement under the residual clause of the Guidelines "in light of *Johnson*"); *United States v. Harbin*, No. 14–3956, 2015 WL 4393889, at *1 (6th Cir. July 20, 2015) (unpublished) (stating a defendant sentenced under the residual clause of the career offender Guideline "is entitled to the same relief as offenders sentenced under the residual

6

clause of the ACCA"); *United States v. Goodwin*, No. 13-1466, 2015 WL 5167789, at *3 (10th Cir. Sept. 4, 2015) (finding clear error in the district court's reliance on the Guidelines' residual clause to enhance a defendant's sentence); *but see United States v. Matchett*, ––– F.3d –––, –––, No. 14–10396, 2015 WL 5515439, at *6 (11th Cir. Sept. 21, 2015) (holding that [t]he vagueness doctrine in *Johnson* does not apply to the advisory sentencing guidelines.).[2]

Recently, the Eighth Circuit vacated a sentence enhanced under the Guidelines' career offender provision and remanded for consideration of a due process vagueness challenge in light of *Johnson*. *United States v. Taylor*, 2015 WL 5918562 (Oct. 9, 2015) The Court noted that "[i]n *United States v. Wivell*, [893 F.2d 156, 159 (8th Cir. 1990)] our circuit concluded that the sentencing guidelines are 'not susceptible to a vagueness attack[,]'" but stated that "[t]he reasoning in *Wivell* that the Guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*." *Id.* at *1; *see also Madrid*, No. 14-2159, 2015 WL 6647060, at *6 (noting that the Eighth Circuits' holding in *Wivell* is additionally suspect because it predates *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013), in which the Supreme Court held that the Guidelines could be challenged as a violation of the *ex post facto* clause, despite

---

[2] The constitutionality of the Guidelines' career offender residual clause remains an open question in the Seventh, First, and Ninth Circuits, despite some circuits previously holding the Guidelines are not subject to vagueness challenges. *See United States v. Rollins*, No. 13–1731, 2015 WL 5117087, at *6 (7th Cir. Sept.1, 2015) (stating "we do not address Johnson's effect on the career-offender guideline; that question remains open in this circuit."); *United States v. Castro–Vazquez*, No. 13–1508, 2015 WL 5172839, at *9 (1st Cir. Sept. 4, 2015) (stating "[w]e do not decide whether the residual clause of the guidelines fails under *Johnson*," but nevertheless finding plain error in the district court's application of the career offender provision under in the categorical/modified categorical framework outlined in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)); *United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (remanding for consideration of "whether the due process concerns that led Johnson to invalidate the ACCA residual clause as void for vagueness are equally applicable to the Sentencing Guidelines.")

7

being merely advisory). In *Taylor*, the Eighth Circuit noted that the Supreme Court had "vacated and remanded for reconsideration two guideline sentences using the residual clause" after *Johnson*. *Taylor,* 2015 WL 5918562, at *1.

In a case that predates *Johnson*, the Eighth Circuit Court of Appeals ("Eighth Circuit") addressed "whether an attempt to commit a crime of violence in Nebraska qualifies as a crime of violence under U.S.S.G. 4B1.2." *United States v. Ross*, 613 F.3d 805, 809 (8th Cir. 2010). The Eighth Circuit explicitly focused on the "otherwise" clause of the Guidelines provision in its analysis. *Id.* at 807 (adding emphasis to the "otherwise" clause). The Court noted that the issue of whether the violation of a statute that encompasses merely preparatory activity would constitute a violent felony would have to be addressed if the case had involved the ACCA, but found, since only the Guidelines enhancement was involved, that the case could be "resolved in a more straightforward manner" by relying solely on binding Guidelines "commentary governing the career offender Guideline [that] states that 'crime of violence' for purposes of § 4B1.1 'include[s] the offenses of aiding and abetting, conspiring, and *attempting to commit such offenses*.'" *Id.* at 808-09 (quoting U.S.S.G. § 4B1.2, comment. (n.1) (emphasis in original).[3] It then analogized to the Supreme Court's interpretation of the

---

[3] In addressing the "complicated question" at issue under the ACCA, the Court discussed the Supreme Court's holding in *James v. United States*, 550 U.S. 192, 208 (2007), overruled by *Johnson*, 135 S. Ct. 2551 (June 26, 2015). *Id.* at 807-08. In *James,* the Supreme Court clarified the approach that federal courts are to take in ascertaining whether an offense qualifies as a violent felony under the ACCA's residual provision. *See United States v. Spudich*, 510 F.3d 834, 838 (8th Cir. 2008). *James* identified the proper inquiry as "'whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another.'" *Id.* (quoting *James,* 550 U.S. at 208). *James* involved analysis under the categorical approach, "'look[ing] only to the fact of conviction and the statutory definition of the prior offense,' and not the 'particular facts disclosed by the record of conviction' in determining 'whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of [the] particular

8

ACCA enhancement to determine "that the Sentencing Commission meant to adopt 'a generic, contemporary meaning' of 'attempt' in its commentary." *Id.* at 809 (quoting in *Taylor v. United States*, 495 U.S. 575, 598 (1990)).[4] It found the Model Penal Code definition of attempt adopted by Nebraska, which extends to "such conduct as 'reconnoitering the place contemplated for the commission of the crime' and 'possession of materials to be employed in the commission of the crime, that are specially designed for such unlawful use," fit the generic contemporary meaning of attempt. *Id.* at 808-09. The Eighth Circuit then applied the modified categorical approach to determine that *Ross* had attempted to commit a crime of violence because his charging document established that his attempt involved a structure. *Id.* at 809.

Importantly, not only does the *Ross* case predate *Johnson*, it predates the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276, 2281-83 (2013), in which the Supreme Court clarified that the "modified categorical approach" is to be applied sparingly and can only be applied to divisible statutes that list potential

---

offender.'" *Id.* (quoting *James* at 550 U.S. at 202) (emphasis in original). "Significantly, the *James* Court did not mention the narrow exception to the categorical approach," that is, the narrow range of cases "where a state defines an offense more broadly than the generic enumerated offense" and where "the sentencing court may look to 'the indictment or information and jury instructions' to determine if the jury was 'actually required to find all the elements of [the] generic [offense],'" known as the "modified categorical approach." *Id.* at 837-38 (quoting *Shepard v. United States*, 544 U.S. 13, 17 (2005) and *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," and specifically overruled its "contrary holding in *James*." *Johnson*, 135 S. Ct. at 2563.

[4] The court presumably undertook this analysis because the enumerated crimes provide guidance in making the determination under the residual clause. *United States v. Brown*, 734 F.3d 824, 826 (8th Cir.2013) ("to fall within the residual clause, a prior offense must present a serious potential risk of physical injury to another and be roughly similar, in kind, as well as degree of risk posed" to the listed offenses), *cert. granted, judgment vacated in light of Johnson*, 135 S. Ct. 2924 (June 30, 2015); *see James,* 550 U.S. at 193 (stating "[t]o determine whether a conviction falls within this residual clause, the Supreme Court identifies its 'closest analog' among the listed offenses and then assesses their equivalent risks. ") (quotation omitted).

9

offense elements in the alternative. *Id.* When a statute "contain[s] a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense," the modified categorical approach does not apply and a sentencing courts "may 'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Id.* at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Under *Descamps*, a prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense. *Descamps*, 133 S. Ct. at 2279; *see United States v. Thornton*, 766 F.3d 875, 877 (8th Cir. 2014) (noting that generic "burglary" is defined, for purposes of the ACCA as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime") (internal quotations omitted). "If the relevant statute has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate." *Descamps*, 133 S. Ct. at 2283.

However, "[i]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.* See also *United States v. Bankhead,* 746 F.3d 323, 327 (8th Cir.2014) (finding conviction under Illinois robbery statute does not correspond to narrower ACCA requirement and cannot form the basis of an act of juvenile delinquency under the ACCA). "Whether the statute of conviction has an overbroad or missing element, the problem is the same: Because of the mismatch in elements, a person convicted under that statute is never convicted of the

generic crime". *Descamps,* 133 S. Ct. at 2292. The key "is elements, not facts." *Id.* at 2284.

Under Nebraska law, "a person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28–507. The elements of burglary are contained in the statute. *State v. McDowell*, 522 N.W.2d 738, 743 (Neb.1994). In Nebraska, criminal attempt is defined by Neb. Rev. Stat. § 28–201 (Reissue 1995) as follows:

> (1) A person shall be guilty of an attempt to commit a crime if he:
>
> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or
>
> (b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.
>
> (2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
>
> (3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

Neb. Rev. Stat. § 28-507. Nebraska accepts the position of the Model Penal Code in that the statute requires that the dangerous disposition be manifested by some intentional act which would constitute a substantial step towards the completion of the crime.

*State v. Sodders*, 304 N.W.2d 62, 64-65 (Neb. 1981) (listing as examples of lying in wait for the intended victim; unlawful entry into a structure where it is contemplated that the crime will take place; possession or fabrication of the material necessary to complete the act which finally would constitute the crime; or soliciting an innocent agent to engage in conduct constituting an element of the crime); *see also Ross*, 613 F.3d at 808 (stating that examples would also include reconnoitering the place contemplated for the commission of the crime and possession of burglars' tools in the case of attempted burglary). Notably, the residual clause does not include all crimes that pose a serious risk of physical injury to another, but rather, it covers only crimes that, "in addition to posing such a risk, are 'similar' to the ACCA's 'listed examples—burglary, arson, extortion, or crimes involving explosives' in that they 'typically involve purposeful, violent, and aggressive conduct.'" *United States v. Jones*, 574 F.3d 546, 550 (8th Cir.2009) (quoting *Begay v. United States*, 553 U.S. 137, 142, 144–45 (2008).

In a more recent, but pre-*Johnson* case, the Eighth Circuit applied the analytical framework applied in *James* to determine whether the Missouri offense of attempted robbery qualified as a predicate offense under 924(e)'s residual clause. *United States v. Reid*, 769 F.3d 990, 995 (8th Cir. 2014). The court found it did not because, in contrast to the statute at issue in *James*, which required an overt act directed toward entry of a structure, the Missouri statute could be satisfied by preparatory conduct that does not pose the same risk of violent confrontation and physical harm posed by an attempt to enter a structure illegally. *Id.* The Missouri attempt statute at issue in *Reid*, like Nebraska's attempt statute, provided that a person commits attempted burglary "if he does any act which is a substantial step towards the commission of the offense,"

12

which would cover reconnoitering and possession of burglars' tools, which, under the Supreme Court's holding in *James*, is merely preparatory activity that does not pose the same risk of violent confrontation and physical harm posed by an attempt to enter a structure illegally. *Id.* at 994; *see James*, 550 U.S. at 204-05. Because *Ross* was based on precedent that has since been abrogated, its continuing validity is questionable.

Further, the Guidelines commentary on which the Eighth Circuit relied in *Ross* is similarly infirm. The United States Sentencing Commission has proposed changes to the Guidelines' existing definition of a "crime of violence" in order to make the Guidelines consistent with the decision in *Johnson*. *See* United States Sentencing Commission, Proposed Amendment to the Sentencing Guidelines, (August 12, 2015), available at http://www.ussc.gov/amendment-process/reader-friendly-and-official-text-amendments. Specifically, The Sentencing Commission proposes amending § 4B1.2 to eliminate the residual clause by deleting the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" from § 4B1.2(a)(2). *Id.* at 3. The Sentencing Commission seeks public comment on "whether the definitions of 'crime of violence' and 'controlled substance offense' should include attempts, conspiracies, and aiding and abetting." *Id.* at 14. The Commission indicates it intends to vote on the amendment as early as January 2016. *See United States v. Smith*, No. 14-2216, 2015 WL 5796942, at *2 (10th Cir. Oct. 5, 2015).

    III.  DISCUSSION

        A.  Initial Guidelines Calculation

13

In making its initial Guidelines calculation, the court generally accepts the presentence investigation report, but, for the reasons set out below, finds the defendant's objection to the career offender enhancement should be sustained. The government concedes that *Johnson* applies to the career offender Guideline, but argues, in reliance on *Ross,* 613 F.3d at 809-10, that the Guidelines' residual clause is not implicated because the defendant's attempted burglary conviction qualifies as a predicate offense as an enumerated crime under § 4B1.2(a)(2) and not as a crime under the residual clause. The court finds the government's reliance on *Ross* is misplaced. First, the Eighth Circuit in *Ross* clearly based its holding on application of the residual clause of the Guidelines provision and did not find either burglary or attempted burglary were enumerated crimes. The enumerated crime of burglary was discussed only to provide guidance in making the determination under the residual clause. The court finds that the holding in *Ross* cannot be reconciled with the Supreme Court's determination in *Johnson* that the residual clause is void for vagueness.

*Ross* can no longer be considered good law in light of both *Descamps* and *Johnson*. The Eighth Circuit's holding in *Reid* shows that even post-*Descamps*, much less post-*Johnson*, a conviction for attempted burglary would not qualify as a predicate offense sufficient to enhance a sentence for a conviction for a violent felony.[5] The

---

[5] Moreover, recent Supreme Court caselaw clearly emphasizes an elements-centric approach. A comparison of the elements of generic burglary—"an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime"—to the elements of the Nebraska offense—(1) willfully, maliciously and forcibly; (2) breaking and entering; (3) any real estate or improvements thereon; (4) with intent to commit any felony or steal property of any value—shows that the elements differ. *See, e.g., United States v. Richards*, 2014 WL 6686783, *14 (D. Neb. 2014). The Nebraska statute proscribes a broader range of conduct than the generic burglary offense. *Id.* The generic offense is limited to "breaking and entering" a "structure." *Id.* The Nebraska statute criminalizes breaking and entering more than just structures, but includes real estate, which consists of buildings and land. *Id.* Nebraska caselaw

14

Eighth Circuit Court of Appeals has signaled that the *Johnson* case is applicable in the context of the Guidelines and the government concedes that it is. Just as the iteration of the clause in 18 U.S.C. § 924(e) is unconstitutionally vague, so too is the residual clause of U.S.S.G. 4B1.2. Applying the elements-centric approach mandated by the Supreme Court in its recent line of cases, attempted burglary cannot qualify as a predicate offense under the enumerated crimes clause of the Guidelines provision because attempted burglary is not burglary—the elements of the two crimes differ. The only way the crime could qualify as a predicate offense would be under the residual clause, which has been declared unconstitutional. Accordingly, the court finds the defendant's objection to enhancement of his sentence under the career offender Guideline should be sustained. His conviction for attempted burglary cannot constitute a predicate offense for purposes of application of the career offender provision of the Guidelines.

The court thus finds the defendant's base offense level is 30, plus 2 for possession of a firearm in connection with the offense, less three for acceptance of responsibility, resulting in a total offense level of 29. The defendant's criminal history category is V. His sentencing range under the Guidelines is 140 to 175 months. Both parties urged the court to sentence at the low end of the Guidelines range.

The defendant has been in custody on state charges since October 20, 2014, for conduct that forms the basis of his criminal charge in this case. In order to assure that the defendant is credited for that time, the court finds his recommended low-end

---

interprets the "breaking and entering" element to cover merely opening a door or a gate. *Id.* A conviction in Nebraska could be for entry onto land via opening a gate. *Id.* Nebraska defines burglary so broadly as to include conduct such as trespassing on undeveloped land with intent to commit a crime as long as there is a predicate breaking. *Id.*

Guidelines sentence should be reduced by 12 months, resulting in a sentence of 132 months. See U.S.S.G. 5G1.3(b)(1). The parties have no objection to that procedure.

No Guidelines departure is at issue in this case. In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the court finds that a sentence of 132 months (eleven years), is sufficient, but not greater than necessary, to accomplish the goals of sentencing. This sentence is within the Guidelines sentencing range after application of U.S.S.G. 5G1.3. With respect to the nature of the offense, the court notes that distribution of methamphetamine is undoubtedly a serious offense. However, the defendant's addiction operates to lessen his culpability to some degree. The court has also considered the history and characteristics of the defendant. He is a thirty-two-year-old man with a significant criminal history, but many of his convictions are linked to drug abuse and addiction. The defendant's prospect for rehabilitation is also relevant to the determination of a reasonable sentence. This sentence will provide the defendant the opportunity to undergo the BOP's 500-Hour Intensive Drug Treatment Program. The defendant has not had the opportunity to undergo drug treatment, although it has been recommended.

In formulating this sentence, the court has considered the sentencing range established by the Guidelines and finds a Guidelines sentence, without application of the career offender Guideline, is appropriate in this case and satisfies the purposes of sentencing. In light of the defendant's criminal history, the court finds that a sentence including incarceration for some significant length of time is necessary to achieve the goals of sentencing, to establish some level of proportionality with respect to other drug trafficking crimes, and to reduce the perception of unwarranted disparity. A sentence of

132 months reflects the seriousness of the offense, promotes respect for the law and provides just punishment. Further, an eleven year sentence is sufficient to deter others from engaging in similar criminal conduct. The value of any additional prison time as a deterrent would be marginal.

A Judgment in accordance with the Sentencing Memorandum has issued. *See* [Filing No. 40](Filing No. 40).

DATED this 17th day of November, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge